﻿Citation Nr: AXXXXXXXX
Decision Date: 12/14/18 Archive Date: 12/14/18

DOCKET NO. 180702-253
DATE: December 14, 2018
ORDER
Entitlement to a total disability rating based on individual unemployability (TDIU) prior to March 9, 2013 is denied.
Entitlement to an effective date prior to March 9, 2013 for the grant of eligibility to Dependents' Educational Assistance under 38 U.S.C. chapter 35 is denied.
FINDINGS OF FACT
1. During the appeals period, the Veteran was employed full time until March 8, 2013. 
2. Dependents’ Educational Assistance benefits under Chapter 35 were assigned effective March 9, 2013, the same date the TDIU was granted.
CONCLUSIONS OF LAW
1. The criteria for TDIU prior to March 9, 2013 have not been met. 38 U.S.C. §§ 1155, 5107; 38 C.F.R. §§ 3.102, 4.16.
2. The criteria for an effective date earlier than March 9, 2013 for the award of Dependents’ Educational Assistance benefits under Chapter 35 have not been met. 38 U.S.C. §§ 3510, 5110, 5113; 38 C.F.R. §§ 3.807, 21.3021. 
REASONS AND BASES FOR FINDINGS AND CONCLUSIONS
The Veteran served on active duty from May 1966 to May 1968. 
On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The Board is honoring the Veteran’s choice to participate in VA’s test program RAMP, the Rapid Appeals Modernization Program. 
1. Entitlement to TDIU prior to March 9, 2013 is denied.
The Veteran filed a claim for an increased rating for his service connected posttraumatic stress disorder (PTSD) in September 2009. In a July 2012 statement of the case, the RO denied the issue of entitlement to a TDIU, which was added as part and parcel of the Veteran’s claim for increased rating for PTSD. See Rice v. Shinseki, 22 Vet. App. 447 (2009).
A June 2014 rating decision granted TDIU effective from April 5, 2013. The Veteran contended that he was entitled to an earlier effective date. Subsequently, a June 2016 rating decision granted TDIU from March 9, 2013.
A TDIU may be assigned where the schedular rating is less than total when it is found that the disabled person is unable to secure or follow a substantially gainful employment as a result of a single service-connected disability rated at 60 percent or more, or as a result of two or more disabilities, provided that one of those disabilities is rated at 40 percent or more, and there is sufficient additional service-connected disability to bring the combined rating to 70 percent or more. 38 C.F.R. § 4.16 (a).
The Board finds that there is no basis for TDIU prior to March 9, 2013 as the evidence shows that the Veteran was gainfully employed until March 8, 2013.
A May 2008 VA examination noted that the Veteran was employed full time at the Scooter Store. He had been working there for six years.
Treatment records dated in June 2009, February 2011, and February 2012 noted that the Veteran was working full time.
The record shows that the Veteran was furloughed from the Scooter Store on March 8, 2013 when the business was forced to lay off employees.
The Veteran completed a VA Form 21-8940 in October 2013. He indicated that he had worked 50 hours per week as a salesman at the Scooter Store from 2002 until March 8, 2013.
Prior to March 9, 2013, the Veteran was working on a full-time basis, as reported on his VA Form 21-8940, and as confirmed by the other evidence of record, including treatment records. A TDIU is not warranted for the appeals period prior to March 9, 2013 as he was gainfully employed.
2. Entitlement to an earlier effective date for the grant of eligibility to Dependents’ Educational Assistance under 38 U.S.C. chapter 35 is denied.
A June 2016 rating decision granted Chapter 35 educational benefits from March 9, 2013, the date of the TDIU award. The Veteran contends that he is entitled to an earlier effective date for the Chapter 35 award.
Basic eligibility for Chapter 35 benefits is established in one of several ways for children and spouses of a veteran. Many of the methods of eligibility require that the Veteran in question have died or be listed as missing in action, captured in the line of duty by a hostile force, or forcibly detained or interned in line of duty by a foreign government. 38 U.S.C. § 3501 (a)(1)(A); 38 C.F.R. § 21.3021 (a). In this case, the evidence of record shows that the Veteran is alive and is living freely. Accordingly, those methods of Chapter 35 eligibility are not applicable. The only method of eligibility which is available for a child or spouse of a Veteran who is both alive and living freely is for the Veteran to have a total disability permanent in nature resulting from service-connected disability. 38 C.F.R. §§ 21.3021 (a)(1)(iii),(3)(i). Accordingly, the only method of eligibility for Chapter 35 benefits which is relevant to the Veteran is through having service-connected disability which has been rated 100 percent or to have been granted a TDIU.
The Veteran was awarded DEA benefits under Chapter 35 effective March 9, 2013. This is the same effective date as the TDIU, i.e. the date of the permanent total service-connected disability that formed the basis for the award. The criteria pertaining to the award of educational benefits provides that for effective dates assigned following the grant of benefits under Chapters 30, 31, 32, and 35 shall, to the extent feasible, correspond to the effective dates relating to awards of disability compensation. 38 U.S.C. § 5113. In this case, as discussed above, the Board has found an effective date earlier than March 9, 2013 is not warranted for the grant of TDIU. 
(Continued on the next page)
 
The Veteran does not have a 100 percent schedular evaluation. His service connected disabilities are PTSD, rated as 70 percent disabling; hepatitis C, 20 percent; and tinnitus, 10 percent. His combined service connected disability rating has been 80 percent since September 2009. As a permanent total service-connected disability did not exist at any time prior to March 9, 2013, the date of the TDIU award, prior eligibility for Chapter 35 benefits is not possible.
The pertinent legal authority governing effective dates is clear and specific, and the Board is bound by such authority. Pursuant to that authority, the Board finds that there is no legal basis by which an effective date earlier than March 9, 2013, can be assigned for DEA benefits; hence, the claim for an earlier effective date must be denied.
 
D. JOHNSON
Veterans Law Judge
Board of Veterans’ Appeals
ATTORNEY FOR THE BOARD M. G. Mazzucchelli, Counsel